IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02798-BNB

MICHAEL ANTHONY DAILEY,

      Plaintiff,

v.

SGT. DOIZAKI, #9537,
CAPTAIN PERERA,
DEP. VEITH, #10020,
DEP. LOFLAND, #06077,
DR. JASON GROPE, Medical,
NURSE PRACTITIONER PATTY KELLY, Medical,
ELAINE MEYER, H.S.A., Medical,
MILLER, #9927,
DEP. GANAWAY, Ct. Serv.,
BAKER, #08060,
LONGFELLOW, #06017,
FREEMAN, #9933,
WENZEL, #00234,
BREWER, #9526,
B. MOTT, #07071,
ACTING SGT. FOR DOIZAKI, #9036,
THOMPSON, #09073, and JOHN DOE(S) SORT, 12-28-11 EXTRACTION,
BANCROFT,
KRAUS, #01070,
BRISKI, #08032,
TERRY, #9919,
SEG. ORTON, #07058,
SEG. SHIELDS, #07020,
ROBINSON, #10068,
MOLLERUD, #9953,
ALBERCIE, #08040,
METCALF, #07051,
C. JONES, #10018,
LT. JD KNIGHT, 8626,
SGT. WISCAMB, #9750,
SGT. KELSO, #00205,
LT. FOGG, #02054,
LT. WHITAKER, #9042,
L. WESTBERG, #8727,
SHERIFF GRAYSON ROBINSON,
BRANDI, Class,

ERIN, Law Clerk,
L.S., Classification, 05088, and
TARA, Classification,

     Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE
SECOND AMENDED COMPLAINT

---

     Plaintiff, Michael Anthony Dailey, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Four Mile Correctional Center in Cañon City, Colorado.  Plaintiff's original Complaint, filed on October 22, 2012, was fifty-nine pages long and named fifty-seven defendants.  The original Complaint challenged the conditions of his confinement while he was a pretrial detainee at the Patrick J. Sullivan Detention Facility in Arapahoe County, Colorado, from August 2011 through July 2012.

     On December 11, 2012, the Court ordered Plaintiff to file an Amended Complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and asserted personal participation by each named defendant in the alleged constitutional violation.  On January 22, 2013, Plaintiff filed an Amended Complaint.

     The Court must construe Plaintiff's Amended Complaint liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Plaintiff will be directed to file a Second Amended Complaint.

     Like the original Complaint, Plaintiff's Amended Complaint generally fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil

2

Procedure.  The Amended Complaint names at least forty-one defendants.  Rather than assert a specific constitutional violation in each claim, the nature of the violation, and how each responsible defendant participated in the violation identified in the claim, Plaintiff has set forth a claim for each named defendant.  Some of the forty-one claims in part state a specific violation against the named defendant, but all of the claims include conclusory statements that are unnecessary and do not comply with Rule 8.

The Court informed Plaintiff in the December 11 Order that the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Generally, Plaintiff's Amended Complaint is unmanageable as it is repetitive and does not set forth the claims in a simple, concise, and direct manner.  Plaintiff fails to

3

provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  It is Plaintiff's responsibility to present his claims in a manageable format.  Plaintiff must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts by each defendant that allegedly support the specific constitutional violation.  The Court or defendants are not required to sift through Plaintiff's verbose allegations to piece together each claim of a constitutional violation.  The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments . . . ." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the Amended Complaint does not meet the requirements of Fed. R. Civ. P. 8.  Plaintiff will be given one last opportunity to cure the deficiencies in his Amended Complaint by submitting a Second Amended Complaint that states his claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges in a manageable format the specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.  Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff file a Second Amended Complaint that complies with this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner

Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Plaintiff fails to file a Second Amended Complaint that complies with this Order within the time allowed, the action will be dismissed without further notice.

DATED February 25, 2013, at Denver, Colorado.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge