IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02798-BNB

MICHAEL ANTHONY DAILEY,

      Plaintiff,

v.

DOIZAKI, #9537,
PATTY KELLY, Nurse Practitioner,
DEPUTY BREWER, # 9526,
DEPUTY B. MOTT, #07071,
CHIEF PEREA,
DEPUTY BANDCROFT,
DR. JASON GROPE, and
GRAYSON ROBINSON, Arapahoe County Sheriff,

      Defendants.

---

## ORDER TO DISMISS IN PART AND TO DRAW IN PART

---

      Plaintiff, Michael Anthony Dailey, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Four Mile Correctional Center in Cañon City, Colorado. On October 22, 2013, Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. Plaintiff's original Complaint, filed on October 22, 2012, was fifty-nine pages long, named fifty-seven defendants, and challenged the conditions of his confinement while he was a pretrial detainee at the Arapahoe County Detention Facility in Centennial, Colorado, from August 2011 through July 2012.

      On December 11, 2012, Magistrate Judge Boyd N. Boland ordered Plaintiff to file an Amended Complaint that complied with the pleading requirements of Rule 8 of the

Federal Rules of Civil Procedure and asserted personal participation by each named defendant in the alleged constitutional violation.  On January 22, 2013, Plaintiff filed an Amended Complaint.  Magistrate Judge Boland reviewed the Amended Complaint and determined that, like the original Complaint, Plaintiff failed to comply with the pleading requirements of Rule 8.  The Amended Complaint  named forty-one defendants and was found unmanageable because it is repetitive and does not set forth the claims in a simple, concise, and direct manner.  Magistrate Judge Boland directed Plaintiff to file a Second Amended Complaint, which he did on April 12, 2013.

The Court must construe the Second Amended Complaint liberally because Plaintiff is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, a court should not act as a *pro se* litigant's advocate.  *See id.*  For the reasons stated below, the Second Amended Complaint and the action will be drawn to a district judge and to a magistrate judge in part and dismissed in part pursuant to 28 U.S.C. § 1915A.

Plaintiff's Second Amended Complaint is not the model of clarity.  Although Plaintiff now only names eight defendants, he does not state his factual allegations in a short and concise manner and list the allegations in support of each of the five identified claims.  Given that the Court has directed Plaintiff to amend twice and his claims overall still lack clarity, the Court finds directing Plaintiff to file a Third Amended Complaint

2

would not be beneficial.  The Court, therefore, after a thorough review of Plaintiff's claims, finds the following.

Plaintiff asserts that prior to his detention at the Arapahoe County Detention Center he broke his left foot and required a wheelchair.  Plaintiff further claims that he needed physical therapy to prevent permanent damage to his foot, which was not provided while he was detained at the detention center.  Because Defendants failed to provide a wheelchair, cane, and a therapy band, Plaintiff claims he suffered extreme pain and his foot now is permanently injured.  Plaintiff seeks money damages, declaratory relief, and permanent restraining orders against defendants.

Plaintiff identifies his claims as follows.  In Claim One, Plaintiff asserts that all named defendants punished, retaliated, threatened, and placed him in segregation for exercising his First Amendment rights to petition for redress of his grievances.  In Claims Two and Three, Plaintiff asserts that Defendant Doizaki violated his Fourth and Sixth Amendment rights when he allowed the lead detective in Plaintiff's criminal case to conduct an unreasonable search and seizure of Plaintiff's cell and to interrogate Plaintiff.  In Claim Four, Plaintiff asserts that all named defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical needs, used excessive force, threatened him, and punished him by placing him in segregation. Finally, in Claim Five, Plaintiff asserts that Defendants violated his Fourteenth Amendment rights when they placed him in segregation without a disciplinary hearing and deprived him of his personal property.

In support of these claims, Plaintiff asserts that Defendants violated his constitutional rights as follows.

Doizaki-Stripped him and placed him in a restraint chair in a behavioral control unit and forced him to sit in feces for more than five hours in retaliation for filing grievances; kept him in segregation from February through July 2012 by providing false reports to the segregation committee that resulted in his continual placement in segregation; kept him locked in a medical cell for filing a grievance against another deputy; allowed the lead detective in Plaintiff's criminal case to take personal items that pertained to his criminal case without a warrant or counsel and to interrogate him; knew that Plaintiff's ankle and foot were in need of urgent medical treatment.

Patty Kelly-Answered all of Plaintiff's medical grievances and denied Plaintiff a wheelchair, cane, and therapy band in retaliation against Plaintiff for filing grievances.

Deputy Brewer-Wrote a misconduct report against Plaintiff for making malicious statements after he had filed a separate grievance against another deputy for using excessive force; conspired with Doizaki to punish Plaintiff for filing grievances, resulting in Plaintiff having permanent mobility issues.

Deputy Mott-Listened via an intercom while Plaintiff talked to his attorneys; watched while Bandcroft dragged Plaintiff to the meeting with his attorneys and then watched while Bandcroft made Plaintiff crawl on the floor to return to his cell after meeting with his attorneys; retaliated against Plaintiff for writing a grievance against another deputy by locking Plaintiff in a medical unit cell and denying him toilet paper and a shower while other inmates were allowed out of their cell; assisted Doizaki in placing Plaintiff in a restraint chair.

Chief Perea-Ordered Plaintiff removed from behavioral control suicide cell; as a member of administrative review committee punished Plaintiff for submitting grievances, which included only one hour out of cell but no exercise, wearing of belly chains and leg shackles, and denying access to physical therapy; placed Plaintiff in segregation based on recommendations by Doizaki; knew about the claims in this Complaint through a notice of intent to file a civil suit and through grievances and was grossly negligent in managing subordinates responsible for the unlawful conditions and events; "made a custom and policy to unconstitutional practices that allowed illegal policy and customs to continue;" and was in control of Plaintiff's health, safety, and security but was grossly negligent in managing other defendants who disciplined Plaintiff without disciplinary hearings.

Deputy Bandcroft-Dragged Plaintiff on the floor from his cell to a meeting area where Plaintiff met with his attorneys; listened to Plaintiff's conversation with his attorneys; forced Plaintiff to crawl to his cell after his visit with his attorneys; made a recommendation to Chief Perea to keep Plaintiff in segregation in retaliation for exercising constitutional rights.

Dr. Jason Grope-Denied Plaintiff a wheelchair, cane, and therapy band in retaliation against Plaintiff for filing grievances against defendants; and "made a custom and policy to retaliate for using protected conduct."

Sheriff Grayson Robinson-Conspired with Chief Perea and other committee members to punish and injure Plaintiff for filing grievances; and was in control of Plaintiff's health, safety, and security but was grossly negligent in managing other defendants who disciplined Plaintiff without disciplinary hearings; sent Plaintiff "threat mail" pertaining to Plaintiff's criminal case and his filing grievances.

First, Plaintiff fails to assert a claim against Defendants Chief Perea and Sheriff Robinson. A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he causes. *See Dodds v. Richardson, et al.*, 614 F.3d 1185, 1208-13 (10th Cir. 2010) (Tymkovich, J., concurring). "Merely sending grievances to a warden is not enough to attach liability . . . ." *See Phillips v. Tiona*, No. 12-1055, 2013 WL 239891 at *6 (10th Cir. 2013) (slip op.). Even if the Court were to find that Defendants Perea and Robinson acknowledged Plaintiff's alleged medical conditions and relied on all named Defendants' decisions to deny Plaintiff any medical treatment, the reliance "negates rather than supports liability." *See Phillips*, 2013 WL 239891 at *6 (citing *Araceae v. Nafziger*, 367 F. App'x 942, 956 (10th Cir. 2010).

Plaintiff's policy and custom claims against Defendants Perea, Robinson, and Grope are without merit.

> A plaintiff may [ ] succeed in a § 1983 suit against a defendant-supervisor by demonstrating: (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation.

*Dodds v. Richardson*, 614 F.3d 1185, 1199-1200 (10th Cir. 2010) (citing *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002).  Nothing Plaintiff asserts involves the policy or custom of Arapahoe County or the Arapahoe County Detention Center. Plaintiff asserts that the decision to keep him in segregation was based on recommendations made by Defendant Doizaki to the administrative segregation review committee.  Although Defendants Robinson and Perea were members of the segregation committee and participated in the decision to keep Plaintiff in segregation, they relied on the information provided to them and are not liable for the acts committed by defendants who allegedly retaliated against Plaintiff for filing grievances and denied him adequate medical treatment.  Defendants Perea and Robinson's actions were not done to promulgate, create, or implement a policy and were not the cause of the constitutional harm as suggested by Plaintiff.  The constitutional deprivation was done by other named defendants.

Plaintiff claims that Defendant Robinson sent "threat" mail to him regarding his criminal case and for writing grievances against Arapahoe County Detention officials. Defendant Robinson's alleged actions are insufficient to state liability on his part for the retaliation and medical claims Plaintiff asserts against other named defendants.  Also, the claim is insufficient on its own to find Defendant Robinson violated Plaintiff's

constitutional rights.  Plaintiff fails to assert that he suffered in any way due to the letter

or that Defendant Robinson did anything more than react based on the information

provided by other named defendants as he would in reviewing and denying a grievance.

Furthermore, "acts or omissions resulting in an inmate being subjected to nothing

more than threats and verbal taunts do not violate the Eighth Amendment." *See*

*McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001); *see also Northington v.*

*Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) (citing *Collins v. Cundy*, 603 F.2d 825,

827 (10th Cir. 1979) (per curiam) (holding that a sheriff's threats to hang a prisoner

were insufficient to state constitutional deprivations under § 1983)).  Plaintiff's factual

allegations regarding the threat letter do not support an arguable violation of Plaintiff's

constitutional rights by Defendant Robinson.  Defendants Perea and Robinson,

therefore, will be dismissed from this action as improperly named parties.

Also, Plaintiff's conspiracy claims asserted against Defendants Perea, Robinson,

Brewer, and Doizaki lack merit.  Mere conclusory allegations of conspiracy with no

supporting factual assertions are insufficient. *Scott v. Hern*, 216 F.3d 897, 907 (10th

Cir. 2000) (citations omitted).  Pleadings must present specific facts that show

agreement and concerted action by the defendants. *Id.*  Plaintiff fails to present any

specific facts that show agreement and a concerted action.

Claims Two and Three pertain to the investigation that was conducted in relation

to Plaintiff's criminal case that was pending at the time he was held in the Arapahoe

County Detention Facility.  Plaintiff's claims for money damages because the lead

detective in his criminal case was allowed to remove personal photographs and letters

from his cell that pertained to his pending criminal case and to question him without an

attorney, and not *Mirandize* him, are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  *See Heck*, 512 U.S. at 486-87.

Plaintiff asserts that the items taken by the detective pertained to his criminal case.  Plaintiff does not assert any injury other than that the property was taken for use in his criminal case.  Nor does Plaintiff assert that the criminal case at issue has been expunged, reversed on direct appeal, declared invalid, or called into question by the issuance of a federal habeas writ.  The Court, therefore, finds that Plaintiff's claims for money damages regarding the search and questioning are barred by the rule in Heck and must be dismissed.

Plaintiff's sole federal remedy for the declaratory relief he seeks in Claims Two and Three is a writ of habeas corpus.  *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973).  The habeas corpus claims, therefore, may not be raised in this § 1983 action.  If Plaintiff wishes to pursue any habeas corpus claims he must file a separate habeas corpus action.  Before seeking habeas corpus relief in federal court, Plaintiff, however, must exhaust state court remedies.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).

Claims Two and Three will be dismissed without prejudice, *see Fottler v. United States, 73 F.3d 1064, 1065* (10th Cir. 1996), for failure to state a claim, *see Hafed v.*

*Fed. Bureau of Prisons, et al.*, 635 F.3d 1172 (10th Cir. 2010) (citing *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248-49 (10th Cir. 2007).

As for Plaintiff's claim that Defendants Mott and Bandcroft listened via an intercom to his conversation with his criminal attorneys, it is settled that prisoners do not forfeit their constitutional guarantee under the Fourteenth Amendment to "adequate, effective, and meaningful" access to the courts. *Bounds v. Smith,* 430 U.S. 817, 822 (1977). The right to access is jointly protected by the petition clause of the First Amendment, *see City v. New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 397 (2d Cir. 2008), the Sixth Amendment, *see Arney v. Simmons*, 26 F. Supp. 2d 1288 (D. Kan. 1998), and the privileges and immunities and due process clause of the Fourteenth Amendment, *see Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990). The right to access is violated where "government officials obstruct legitimate efforts to seek judicial redress." *Beretta*, 524 F.3d at 397 (citing *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 406-07 (2d Cir. 1997) (internal citations omitted)).

The Sixth Amendment, however, does not create a *per se* rule that entitles Plaintiff to a confidential meeting with his attorneys. *See Kennedy v. Lake*, 207 F. App'x 900, **2 (10th Cir. 2006) (citing *Mann v. Reynolds,* 46 F.3d 1055, 1060 (10th Cir. 1995) ("Sixth Amendment does not require in all instances full and unfettered contact between an inmate and counsel."). Furthermore, Defendants Mott and Bandcroft listened only on one occasion, and Plaintiff does not assert any resulting injury due to Defendants' acts. The Court, therefore, finds no violation of Plaintiff's First, Fourteenth, or Sixth Amendment rights and will dismiss the attorney/client claim for failure to plead an actual injury. *Id.*

9

The remaining Claims One, Four, and Five will be drawn to a district judge and to a Magistrate as set forth below:

Claim One-Plaintiff asserts a violation of his First Amendment rights by Defendants Doizaki, Brewer, Mott, and Bandcroft for placing and  keeping him in segregation in retaliation for filing grievances.  *See* Paragraphs D., H., I., L., and M. (Paragraphs identify specific grievances written and resulting retaliation).

Claim Four-(a) Plaintiff asserts a violation of this Eighth Amendment rights by Defendants Kelly and Grope for denying him adequate medical treatment, including the use of a wheelchair, cane, and a therapy band.

Claim Four-(b) Plaintiff asserts a violation of his Eighth Amendment rights by Defendants Doizaki, Brewer, Bandcroft, and Mott for stripping him of his clothes, placing him in a restraint chair, forcing him to sit in feces for more than five hours, and then when removing him from the chair denying him clothing and a shower for three days.  Also, Defendant Bandcroft would not provide Plaintiff with a wheelchair or cane, even though his foot was broken, and dragged Plaintiff on the floor to his meeting with his attorneys and forced him to crawl to his cell after the meeting.

Claim Five-Plaintiff asserts a violation of his Fourteenth Amendment rights by Defendants Doizaki, Brewer, Mott, and Bandcroft for placing him in segregation without disciplinary hearings.

Accordingly, it is

ORDERED that the Complaint and Claims One, Four, a/nd Five, as specifically set forth above against Defendants Doizaki, Patty Kelly, Brewer, B. Mott, Bandcroft, and Dr. Jason Grope shall be drawn to a district judge pursuant to D.C.COLO.LCivR 40.1 and to a magistrate judge.  It is

FURTHER ORDERED that Claims Two and Three are dismissed without prejudice because the habeas corpus claims may not be raised in this action pursuant to 42 U.S.C. § 1983 and the claims for damages are barred by the rule in *Heck*.  It is

FURTHER ORDERED that Plaintiff's attorney/client interference claim will be dismissed with prejudice for failure to assert an actual injury and that his conspiracy claim will be dismissed with prejudice as insufficient.  It is

FURTHER ORDERED that Defendants Grayson Robinson and Perea are dismissed with prejudice as improper parties to this action.

DATED at Denver, Colorado, this   14th   day of    May       , 2013.


BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court